Case: 3:05-cv-00575-bbc Document #: 158 Filed: 08/03/06 Page 1 of 6

Document Number 158
Case Number 05-C-0575-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
08/03/2006 11:18:06 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

INNOGENETICS N.V.,
a Belgian corporation,

                                                                                    OPINION AND
                                                                                    ORDER

                Plaintiff,

                                                                                    05-C-0575-C

      v.

ABBOTT LABORATORIES, an
Illinois corporation,

                Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is presently before the court on plaintiff Innogenetics N.V.'s motion to strike a supplemental expert report, dkt. # 59, submitted by defendant Abbott Laboratories on May 19, 2006. The original expert report, prepared by defendant's expert Bruce K. Patterson, M.D., dkt. #33, was filed on April 10, 2006. On May 2, 2006, plaintiff submitted responsive reports from its experts, dkts. ##41-42. For the reasons explained below, plaintiff's motion will be granted in part and denied in part.

      This court's preliminary pretrial conference order, dkt. #12, issued on November 25, 2005, addressed the submission of expert reports. It stated the following:

1

> There shall be no third round of rebuttal expert reports. Supplementation pursuant to Rule 26(e)(1) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. . . . Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may modify these deadlines and procedures only by unanimous agreement or by court order.

Dkt. #12 at 2. Fed. R. Civ. P. 26(e)(1) states that:

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Defendant contends that Dr. Patterson's supplemental report was intended to correct and clarify certain statements he had made in his original report of April 10. Plaintiff argues that the supplemental report is in fact a rebuttal to the reports by plaintiff's experts filed on May 2 and is impermissible because the court decreed in its order of November 25, 2005, that no third round of rebuttal expert reports would be allowed.

Dr. Patterson's supplemental report purports to accomplish three things. First, it corrects a citation in the original report. The original report cited a 1990 article in *The Lancet* by Kanai *et al.* Dr. Patterson contends in the supplement that he had intended to cite a 1992 article in *The Lancet* by Kanai *et al.* According to plaintiff, this is an attempt by defendant to sneak a new reference (the 1992 Kanai article) into the record without giving

2

plaintiff's experts an opportunity to respond. I am persuaded that Dr. Patterson made a legitimate mistake in the original report when he cited the 1990 article instead of the 1992 article. Dr. Patterson's remarks concerning the Kanai article in the original report, dkt. #33 at 22, appear in the *1992* article. Moreover, at his deposition, Dr. Patterson referred to the *1992* Kanai article. Dkt. #66, Exh. A. I will accept the first portion of Dr. Patterson's supplemental report, which corrects the citation. Plaintiff may have 10 days in which to supplement its expert reports to respond to Dr. Patterson's analysis of the *1992* article by Kanai *et al.*

I agree with plaintiff that the second and third portions of Dr. Patterson's supplemental reports concerning the Cha PCT Application and the '718 patent consist of new arguments that should be stricken. With regard to Dr. Patterson's supplemental comments concerning the Cha PCT Application, defendant argues that Dr. Patterson was simply recharacterizing probes 77 and 78 using the nomenclature of patent '704 instead of the nomenclature of the Cha PCT Application, in order to "avoid any confusion." Dft.'s Opp. Br., dkt. #65 at 5. In fact, what Dr. Patterson did in his supplement was to provide additional analysis of the probes. Defendant says that, "Nothing about the Cha PCT Application should surprise Innogenetics, as it knows this prior art reference intimately," dkt. #65 at 5, but its comment is inapposite. A supplemental report is not a blank check for a party to use to submit new arguments regarding a matter previously mentioned in an

3

original report.  Defendant correctly points out that this court's preliminary pretrial conference order states that, "supplementation is limited to matters raised in an expert's first report."  However, defendant appears to overlook the fact that the court was referring to supplementation *pursuant to Rule 26(e)(1)*, dkt. #12 at 2, which is intended to provide parties an opportunity to correct mistakes and oversights, not to include new examples and illustrations that could have been included in an original expert report.

Similarly, Dr. Patterson's supplemental comments regarding the '718 patent entail additional analysis.  It is true, as defendant argues, dkt. #65 at 6, that, "Every comment in his supplement is consistent with and reinforces Dr. Patterson's opinion in his first report."  However, Dr. Patterson's discussion of the '718 patent in the supplement was not a correction of anything he stated in his original report; it consisted of additional illustrations and discussion.

Defendant argues that plaintiff was not prejudiced by Dr. Patterson's supplemental report because plaintiff would have a second opportunity to depose Dr. Patterson after the supplemental report was filed.  It is unclear from the record whether this second deposition occurred.  Regardless, the possibility of a second deposition does not change the fact that defendant submitted a supplemental expert report containing information that violated this court's order concerning supplementation of expert reports.  Because plaintiff's motion will be denied in part and because I do not find this to be an "exceptional case," plaintiff's

4

request for attorney fees and costs will be denied. 35 U.S.C. § 285 (authorizing award of reasonable attorney fees to the prevailing party "in exceptional cases.")

ORDER

IT IS ORDERED that

1. Plaintiff Innogenetics, N.V.'s motion to strike Dr. Patterson's supplemental expert report is GRANTED as to the supplemental information regarding the Cha PCT application and the '718 application and those portions of Dr. Patterson's supplemental report will be stricken. Plaintiff's motion is DENIED as to that portion of Dr. Patterson's supplemental report which corrects the citation to the article by Kanai *et al.* Plaintiff may have 10 days in which to supplement its expert reports to respond to Dr. Patterson's analysis of the 1992 article by Kanai *et al.*

2. Plaintiff Innogenetics, N.V.'s request for attorney fees and costs is DENIED.

Entered this 3rd day of August, 2006.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5

6