Document Number Case Number
189          05-C-0575-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
08/10/2006 11:36:41 PM CDT

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

INNOGENETICS N.V.,
a Belgian Corporation,

           **Plaintiff,**

    **v.**                                   **Case No. 05-C-0575-C**

ABBOTT LABORATORIES,
an Illinois Corporation,

           **Defendant.**

---

## INNOGENETICS' MOTION *IN LIMINE* TO EXCLUDE ANY TESTIMONY OF DR. BRUCE PATTERSON OR OTHER WITNESSES ON THE ISSUE OF ANTICIPATION OR, IN THE ALTERNATIVE, TO EXCLUDE EXPERT OPINION TESTIMONY OF DR. PATTERSON, OR ANY OTHER ABBOTT WITNESS, ON ISSUES NOT DISCLOSED AND SUPPORTED IN DR. PATTERSON'S EXPERT REPORTS

---

## MOTION

Plaintiff Innogenetics N.V. hereby moves, pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) for an order precluding the testimony by Dr. Bruce Patterson, or any other Abbott/Celera fact or "expert" witness, on the following issues relating to Abbott's allegations of anticipation of the patent claims of U.S. Patent No. 5,846,704 ("the '704 patent"):

- ***Anticipation of any claim of the '704 patent*** – Dr. Patterson's expert reports contain no opinion or discussion that any of the references asserted to anticipate any of the claims of the '704 patent enable the method of genotyping claimed in the '704 patent. Because a required element of any prima facie case of anticipation is that the allegedly anticipatory prior art reference must be enabling, Abbott's designated liability expert, and thus Abbott, was required to address this (state an opinion and describe the bases) in his 26(a)(2)(B) expert opinion. Without such an opinion, Abbott cannot make out a prima facie case of anticipation, and, accordingly, Abbott should be precluded from presenting any testimony or evidence on the issue of anticipation of any claim of the '704 patent.

- ***No testimony or opinion on anticipation from any Abbott/Celera witness other than Dr. Patterson*** – Because Abbott submitted no expert reports in this case other than

Dr. Patterson's expert reports, no other Abbott/Celera witness – including purported Abbott/Celera "fact witnesses" –  should be permitted to testify on, or give opinions concerning, any issue of anticipation of any of the claims of the '704 patent.

- ***Enablement of any reference asserted as anticipatory*** – In the alternative, and even if Abbott is permitted to present testimony at trial on anticipation, neither Dr. Patterson nor any other Abbott/Celera witness should be permitted to state an opinion at trial on the issue of enablement by any allegedly anticipatory reference, including especially Example II of the Cha PCT.  Dr. Patterson's expert reports simply contained no opinion or discussion that the specific disclosures identified in the asserted references enable the method of genotyping recited in any claim of the '704 patent.

- ***Supplemental anticipation arguments for claims 1-3, 5-7 and 9*** – Likewise, neither Dr. Patterson nor any other Abbott/Celera witness should be permitted to testify that claims 1, 2, 3, 5, 6, 7 and 9 are anticipated on any grounds other than what are stated in Dr. Patterson's expert reports.

- ***No testimony on enablement of the <u>disclosures</u> of any U.S. patents*** – Recognizing the deficiencies of the Dr. Patterson's reports, Abbott has belatedly begun trying to establish the enablement of portions of ***the disclosure*** of two alleged anticipatory references by reference to a legal presumption of enablement due ***the claims*** of issued U.S. patent.  The only U.S. patent mentioned in Dr. Patterson's Expert Report on Invalidity as an anticipatory reference is Resnick *et al.*, U.S. Patent No. 5,580,718 ("Resnick '718"), and then only on the basis of select portions of its disclosure. However, this report is silent on the issue of enablement of Resnick '718 generally, and breathes not a word of any presumption of the enablement of the disclosure by virtue of its issued claims (indeed, Patterson does not even mention the Resnick '718).  Abbott's similar effort to bolster its anticipation argument based on the Cha PCT by referring to a corresponding U.S. Patent – mentioned nowhere in Patterson's expert reports – are even further astray.  In addition to being belated and violating Rule 26, Abbott's strategy is legally erroneous because it has established neither what these patents claim nor a nexus to the disclosure Dr. Patterson asserts as anticipatory. More importantly, Abbott has not proffered any evidence to rebut Innogenetics' experts' opinions that Example II of the Cha PCT is not enabled.  Finally, such attempts by Abbott would be confusing to the jury and thus should be precluded under Rule 403.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Factual Background

Abbott's expert, Bruce K. Patterson, M.D., provided an expert report entitled "Expert

Report of Bruce K. Patterson, M.D. Regarding The Invalidity of Innogenetics, N.V.'s U.S. Patent

2

No. 5,846,704" (April 10, 2006) ("Patterson Expert Report").  In the Patterson Expert Report, Dr. Patterson provided certain opinions concerning anticipation and obviousness.[1]

Dr. Patterson subsequently submitted a second expert report, (May 19, 2006)(dkt. 59) ("Patterson Supplemental Report"), which alleged eight new grounds of anticipation.  Upon Innogenetics' motion, however, the Court struck, in part, the Supplemental Report as not being provided for under the Court's rules.[2]  Order Granting in Part and Denying in Part Plaintiff's Mot. to Strike Supp. Expert Report of Dr. Patterson (Aug. 3, 2006) (dkt. 158).  Implicit in Abbott's attempt to introduce Dr. Patterson's Supplemental Report, however, was its recognition that Dr. Patterson's prior expert reports were insufficient.  In fact, as discussed below, Dr Patterson Expert Report does not make out a prima facie case of anticipation because, *inter alia*, Dr. Patterson has set forth no evidence to countermand Innogenetics' evidence that Abbott's alleged anticipatory reference is not enabled.  Indeed, it contains not a single sentence addressing how the alleged references enable the methods claimed in the '704 patent.[3]

---

[1] Dr. Patterson's opinions concerning obviousness are the subject of a separate motion in limine. *See* Innogenetics' Motion *In Limine* to Exclude Any Testimony of Dr. Bruce Patterson or Other Witnesses On The Issue Of Obviousness, or, in the Alternative, to Exclude Expert Opinion Testimony of Dr. Patterson, or Any Other Abbott Witness, on Issues Not Disclosed and Supported in Dr. Patterson's Expert Invalidity Reports (filed herewith).

[2] The Court's Order did permit Dr. Patterson to correct his initial mis-citation of a 1992 Kanai article in his report.  *See* Order Granting in Part and Denying in Part Plaintiff's Mot. to Strike Supp. Expert Report of Dr. Patterson, at 3.

[3] As pointed out in Innogenetics' <u>Corrected</u> Memorandum In Opp. to Abbott Laboratories' Mot. for Summ. J. of Non-Infringement and Invalidity (dkt. 77), at 61-62, these deficiencies were unsurprising given Dr. Patterson's absence of knowledge as to the legal requirements for proving anticipation.  Indeed, Dr. Patterson acknowledged that his ***entire*** "interpretation" of anticipation was actually contained in "the title" on page 14 of his report:

> Q.   Am I right in my read of your report that the working definitions of anticipation and obviousness that you are relaying on this record are nowhere contained in the body of your report?
> * * *

*(Footnote continued)*

But the law is clear that Abbott's failure to prove enablement of the claimed invention by its alleged anticipatory reference is fatal to its anticipation attack. Dr. Patterson's omission is especially glaring concerning Example II of the Cha PCT, which is a scientifically flawed (non-enabling) experiment upon which Dr. Patterson expressly relies for some of his opinions on anticipation.

For obvious reasons, therefore, Abbott may try to elicit enablement testimony from Dr. Patterson, and/or from listed Abbott/Celera witnesses. However, Abbott should be precluded from "back-dooring" expert opinions on undisclosed subjects through other witnesses. For the reasons discussed below, therefore, this motion seeks to preclude or limit the testimony of Dr. Patterson, and to preclude the testimony of any other Abbott/Celera witnesses, concerning anticipation of the '704 patent claims.[4]

---

A.    No, in section 8, subsection A.
Q.    Give me a page, please.
A.    ***Page 14, the title includes my interpretation of anticipation*** and reads, "The Cha application disclosed and taught the methods of the 704 patent." Similarly, in section D **--**
Q.    Just stop right there, disclosed and taught the methods, that is your definition of what?
A.    Anticipation.
***Q.    And is this your articulation?***
***A.    Yes . . .***

Patterson Dep. Tr. (April 25, 2006) (dkt. 158), at 147:25-148:19 (emphasis added).

[4] In this regard, Abbott designated, in its initial Proponent Expert Witness Disclosures, as expert and fact witnesses, Dr. Leckie, Dr. Smith and Dr. Zoccoli. *See* Declaration of Lissa R. Koop in Support of Innogenetics' Motions *in Limine* ("Koop Decl."), Ex. 5 (Abbott Laboratories' Proponent Expert Witness Disclosures, dated April 10, 2006). Abbott has also stated that it intends to call Dr. Tai-An Cha as a witness and Innogenetics has filed a separate motion in limine to preclude Dr. Cha from testifying. *See* Innogenetics' Mot. *In Limine* to Exclude the Testimony of Dr. Tai-an Cha and Any Expert Testimony of Dr. Thomas White (filed herewith).

## II.   Argument

### A.   Federal Rules Of Civil Procedure 26 And 37 Serve To Protect Parties From Surprise Tactics And To Limit Prejudice Resulting Therefrom.

Rule 26 of the Federal Rules of Civil Procedure is intended to encourage meritorious adjudication and protect parties from trial by surprise.  When the provisions of Rule 26 are properly followed, the rule serves to "increase[] the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus for the court's supervision of the judicial process."  *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) (citations omitted).  Moreover, disclosure pursuant to Rule 26(a)(2) of experts and the topics on which they will opine "is necessary to allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'"  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)).  This Court's decisions are in complete accord.  *See Frazier  v. Layne Christensen Co.*, No. 04-C-315-C, 2006 U.S. Dist. LEXIS 49423, at *21 (W.D. Wis. July 17, 2006) (where expert's new opinions at trial have not been revealed under the Federal Rules of Civil Procedure, it is unfair for litigant "to be forced to defend against those new opinions on the critical issue in the case with no notice and no time to prepare.")

It is well-settled that an expert may not present opinions at trial that were not properly and timely disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).  That rule requires that an expert witness submit a written report that, *inter alia*, "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."  Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule

26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a

hearing, or on a motion any witness or information not so disclosed."

To ensure compliance with the disclosure requirements imposed by Rule 26(a), courts are

entrusted with "broad discretion" in determining whether exclusion of proffered testimony under

Rule 37 is appropriate.  *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003).  The

Seventh Circuit has found proper the exclusion of expert testimony as to subject matter not

disclosed in an expert's report.  *See, e.g.*, *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785

(7th Cir. 2000) ("If a party does not timely file his reports, the district court may exclude the

party's expert from testifying at trial on the matters the party was required to disclose."); *see also*

*Briggs & Stratton Corp. v. Kohler Co.*, 398 F. Supp. 2d 925, 931 (W.D. Wis. 2005) ("When Rule

26 is violated, exclusion of any non-disclosed information is 'automatic and mandatory unless

the sanctioned party can show that its violation of Rule 26 was either justified or harmless.'"

(quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003))).

**B.    The Court Is Justified In Excluding from Trial Abbott's Testimony On Anticipation Because Abbott Cannot As A Matter Of Law Present A Prima Facie Case.**

This Court's recent decision in *Frazier* recognizes the Court's inherent authority to strike

expert testimony when such testimony does not present a legally cognizable argument relating to

patent validity.  In *Frazier*, this Court struck the testimony of plaintiff's expert because it

addressed combinations of prior art that were not addressed in his expert report.  Because those

unaddressed combinations were critical to a legally sufficient argument relating to validity, this

Court granted judgment as a matter of law ("JMOL"):

> Given his misunderstanding of obviousness, he would not have had any prior
> opportunity to consider the effect of combining those publications.  Even if he had
> had such an opportunity, he had not revealed his new opinions to defendants, as
> required under the Federal Rules of Civil Procedure.  It was unfair to defendants

6

> to be forced to defend against those new opinions on the critical issue in the case
> with no notice and no time to prepare.
>
> If Driscoll's testimony had been struck in full, as it should have been, defendants'
> evidence of obviousness would have stood unchallenged . . .

2006 U.S. Dist. LEXIS 49423 at *21-*22.

Similarly in *Briggs & Stratton Corp. v. Kohler Co.*, No. 05-C-0025-C, 2006 U.S. Dist.

LEXIS 35748, at *27 (W.D. Wis. May 30, 2006), the Court granted JMOL of no invalidity

because the jury heard no evidence of a required element of a prima facie case of obviousness,

*i.e.*, reasonable expectation of success. *Id.*

Given the Court's authority to take such action when a litigant is presenting legally

insufficient arguments relating to validity, the Court is well within its authority to preclude all

Abbott testimony relating to of anticipation because Abbott can present no expert testimony on

the requisite element of enablement of the alleged anticipatory references.

>    **C.     Having Failed To Proffer *Any* Opinion Concerning Enablement Of The
>            Claimed Methods Of The '704 Patent By *Any* Of The Alleged Anticipatory
>            References, Abbott Should Be Precluded From Arguing Anticipation
>            Because It Cannot Make A Prima Facie Case Of Anticipation.**

It is hornbook law that a party alleging anticipation by a patent or prior art reference must

establish that the reference enables the claimed invention that is allegedly anticipated.  "To serve

as an anticipating reference, the reference must enable that which it is asserted to anticipate."

*Elan Pharm., Inc. v. Mayo Found.*, 346 F.3d 1051, 1054 (Fed. Cir. 2003).  Enablement requires

that "the prior art reference must teach one of ordinary skill in the art to make or carry out the

claimed invention without undue experimentation."  *Minn. Mining & Mfg. Co. v. Chemque, Inc.*,

303 F.3d 1294, 1306 (Fed. Cir. 2002).  *See also* the 2005 ABA Model Jury Instructions for

anticipation, which read, in part:

> For certain types of prior art (*e.g.*, patents and printed publications) to be
> anticipatory, ***the item of prior art must also be "enabling and describe the***

7

> ***applicant's claimed invention*** sufficiently to have placed it in possession of a
> person of ordinary skill in the field of the invention." *In re Paulsen*, 30 F.3d
> 1475, 1479 (Fed. Cir. 1994). ***Non-enabling prior art cannot be anticipatory*** . . .

Model Jury Instruction 9.5 Anticipation – Introduction (emphasis added).

The Federal Circuit has repeatedly found no anticipation as a matter of law when litigants

have failed to adduce evidence of enablement for an alleged anticipatory reference. *See*, *e.g.*,

*Minn. Mining & Mfg. Co.*, 303 F.3d at 1306, where the Federal Circuit reversed the district

court's denial of 3M's motion for JMOL that its claim 9 was not anticipated, stating:

> Noticeably absent from the record is testimony or evidence about what disclosure
> was actually sent with the samples, ***let alone whether it was enabling***. The
> defendants have not highlighted any evidence of record that supports a jury
> finding that a person of ordinary skill in the art, upon receipt of the Ricoseal
> samples, would have any of the requisite information to make the claimed
> invention. Thus there cannot be anticipation by knowledge under § 102(a).

*Id.* (emphasis added). *See also Koito Mfg. Co. v. Turn-Key-Tech, LLC.*, 381 F.3d 1142 (Fed. Cir.

2004). In vacating the district court's denial of the patentee's motion for JMOL of no

anticipation or obviousness over Japanese Unexamined Application No. 148,082 ("JP 082"), the

Court stated:

> At trial, Koito entered the JP 082 reference into evidence, but otherwise failed to
> provide any testimony or other evidence that would demonstrate to the jury how
> that reference met the limitations of the claims in the 268 patent ***or how the
> reference enabled one of ordinary skill in the art to practice the claimed
> invention*** . . .

*Id*. at 1151 (emphasis added).

Dr. Patterson's failure to establish how the alleged anticipatory prior art enables the

methods claimed in the '704 patent are not trivial omissions. Each of Abbott's three alleged

anticipatory references, namely the Cha PCT, Resnick '718, and a 1992 Lee article which

allegedly anticipates claims 1, 5 and 13 (not asserted) relate to ***detecting*** HCV genotypes – ***not*** to

a *method of genotyping* using probes which *distinguish and classify* HCV and which

*specifically hybridize* to the 5'UTR, *e.g.*, as required by claim 1 of the '704 patent.

Dr. Patterson's silence on enablement means that Abbott cannot make a prima facie case

of enablement, and thus Dr. Patterson and other Abbott/Celera witnesses should not be permitted

to testify on anticipation at trial.

     **D.**     **Even If Abbott Is Permitted To Raise Anticipation At Trial, Neither Dr. Patterson Nor Any Other Abbott/Celera Witness, Should Be Permitted To Testify Concerning Enablement Of Any Alleged Anticipatory Reference, Including Especially Example II Of The Cha PCT.**

     **1.**     **Enablement generally.**

As discussed above, Abbott has adduced no evidence on enablement of any alleged

anticipatory reference and, therefore, should be precluded from proffering new opinions on

enablement at trial, whether through Dr. Patterson or other Abbott/Celera witness, on the issue.

Such new opinions would be manifestly prejudicial to Innogenetics, which then would be forced

to cross-examine and rebut such new opinions "on the fly" at trial.  *See Frazier*, 2006 U.S. Dist.

LEXIS 49423, at *21 (where expert's new opinions at trial have not been revealed under the

Federal Rules of Civil Procedure, it is unfair for litigant "to be forced to defend against those

new opinions on the critical issue in the case with no notice and no time to prepare.")

     **2.**     **Example II of the Cha PCT, in particular.**

As noted above, some of Dr. Patterson's opinions rely on Example II of the Cha PCT.

Innogenetics' experts, Drs. Reznikoff and Worman, have both opined that Example II reported a

scientifically impossible result of genotype-specific hybridization of probes to the 5'UTR that

properly could have hybridized *only* to an entirely different region of the HCV genome, well

outside the 5'UTR.  Expert Report of William S. Reznikoff on Validity in View of the Cha PCT

Application (May 2, 2006) (dkt. 42), at 4-7, 11-13, *passim*, Second Expert Report of Howard J.

Worman (May 2, 2006) (dkt. 41), at 12-14.  Dr. Patterson's silence on enablement is thus magnified here, and any attempt to newly explain away these anomalous results at trial through some new theory of enablement would be especially prejudicial because Innogenetics would be forced to analyze and respond to such new theories without an opportunity to fully consider them.  *See Fraizer*, 2006 U.S. Dist. LEXIS 49423 at *21, *supra* Part D. 1.  Neither Dr. Patterson nor any other Abbott/Celera witness, therefore, should be permitted to offer opinions at trial as to how Example II of the Cha PCT enables the methods claimed in any claim of the '704 patent.

**E.    Neither Dr. Patterson Nor Any Other Abbott/Celera Witness, Should Be Permitted To Supplement The Opinions In The Patterson Expert Report on Anticipation.**

Implicit in Abbott's stricken (by the Court) attempt to supplement the Patterson Expert Report with eight ***new*** grounds of anticipation was its recognition that Dr. Patterson's expert reports are deficient in both the quantity and merit of its anticipation arguments.  As with any attempt to "back door" new or supplemental enablement arguments at trial, this, too should be rejected.  Specifically, Dr. Patterson's reports opine on only certain grounds of anticipation for the asserted claims 1-3, 5-7 and 9, shown below, with reference to the specific argument of anticipation where appropriate:

| '704 Patent Claim | Alleged Ground of Anticipation |
|:---:|:---|
| 1 | Cha PCT, Lee (1992) and Resnick '718[5] |
| 2 | Example III of the Cha PCT (sandwich assay)[6] |

---

[5] Patterson Expert Report at 15, 18, 19-20.

[6] *Id.* at 15.

| 3 | Cha PCT, based on Seq. IDs 78 and 120-125[7] |
| 5 | Cha PCT, Lee and Resnick '718[8] |
| 6 | Cha PCT, based on Cha PCT disclosures of SEQ IDs 33, 47 and 50[9] |
| 7 | Cha PCT, based on Cha PCT disclosures of SEQ IDs 33, 40 and 49[10] |
| 9 | Resnick '718, based on the use of primers KY80 and KY86, and probe sequence 8 [11] |

Abbott should not be permitted at trial to proffer new grounds or supplement these existing grounds of anticipation, when it failed to so in discovery.

> **F.    Abbott's Newest Tactic Of Trying To Prove Enablement By Reference To A Presumption Of Enablement Due The _Claims_ Of Issued U.S. Patents Should Be Excluded At Trial.**

Recognizing that it has no evidence of enablement, Abbott has recently resorted to trying to prove enablement by reference to a presumption due the claims of issued U.S. patents.[12]  The following deposition questions during the recent deposition of Innogenetics' **_scientific_** expert, Dr. Worman, are illustrative:

Q    Are you aware that the Cha PCT application claimed priority to a U.S. patent application?

A    I've heard of that, yes, but I have not seen the U.S. patent application.

---

[7] _Id._ at 15-16.

[8] _Id._ at 16, 19

[9] _Id._ at 16-17.

[10] _Id._ at 17.

[11] _Id._ at 20.

[12] Abbott's argument must fail, however, because _even if_ Example II of the Cha PCT application is entitled to a presumption of enablement, that presumption was strongly refuted by Innogenetics' effort with out any counter evidence provided by Abbott.  _See In re Sasse_, 629 F.2d 675, 681 (C.C.P.A. 1980) (finding that the patent applicant can prove that anticipatory prior art is not enabled).

Q    So if you pull out the Cha PCT application – I'm sorry, we referred to this earlier, the priority date, do you see the 697,326?

A    Yes.

* * *

Q  I'm showing you what's been marked Worman Exhibit 6, this is what we'll call the 693 patent.

* * *

Q.    If you look at related U.S. application data on the face page, division of application 221,653 which is a continuation of application number 881,528 abandoned, which is an continuation in part of application 697,326.  You're aware that patents are presumed valid, are you not?

A.    I'm not really sure what you mean by that, presumed valid?

Q.    Have you heard that before, that an issue you'd patent is presumed valid?

A.    That exact term I haven't heard . . .

* * *

Q.    Would the patent office have granted . . . the 693 patent if it was a – if their description of the invention was not enabling?

      [Objection]

Q.    Well, is it the case, Dr. Worman, that you've been provided with various jury instructions by counsel regarding enablement?

A.    Yes.

Q.    And you've read these instructions, have you not?

A.    Yes.

Q.    ***And this isn't a question that requires reading the patent***, but do you know as a general matter whether the patent office, having read the jury instruction for enablement, would grant a patent if a description of an invention was not enabling?

* * *

Q    My question is, having read the jury instructions for enablement, would the patent office grant a patent if an application was nonenabling?

* * *

12

Worman Dep. Tr. (July 21, 2006) (dkt. 150) at 227:5 – 235:19 (emphasis added).

Beyond the obvious problem of Abbott trying to convert Innogenetics' scientific expert to its own patent law expert, Abbott's back door strategy has three significant flaws.  First, there is no reference to any presumption of validity in Dr. Patterson's Invalidity Report and thus Innogenetics' experts have not had any opportunity to study and comment on it – even if as non-lawyers they could have attempted to do so.  As such, Abbott's tactic violates Rule 26.  Second, Abbott's attempt to convert Dr. Patterson's opinion on anticipation based on the published Cha PCT application to an opinion based on an issued Cha U.S. patent mentioned nowhere in Dr. Patterson's Expert Report his report is likewise improper under Rule 26.

To date, Dr. Patterson's opinion on anticipation is based on a conclusory opinion that the '704 invention was "taught" by (1) the *disclosure* of the published Cha PCT application, (2) a published 1992 Lee article, and (3) the *disclosure* of the Resnick '718 patent.  Conversely, Dr. Patterson did not opine on the issue of enablement by any of those references and most particularly did not opine to a theory that because a patent issues, all disclosures in that patent are enabled.

Abbott's belated, back-door attempt to establish enablement of its alleged anticipatory references rests on a legally incorrect premise and, moreoever, violates the fair notice goals of Rule 26.  Additionally, any such testimony – or even, any such questions – will be confusing to the jury and thus also should be precluded under Rule 403.

## CONCLUSION

For the reasons set forth above, Abbott has not proffered a prima facie case of anticipation in its expert report and thus should be precluded from presenting testimony on anticipation at trial.  In the event that the Court permits Abbott to present an anticipation case at trial, then any attempt by Abbott to deviate from or supplement the grounds of anticipation set

13

forth in the Patterson Expert Report – whether by Dr. Patterson or any Abbott/Celera fact witness – should be precluded.  Finally, Abbott's improper questions concerning enablement of a U.S. patent in an attempt to prove enablement of a disclosure within the patent should be precluded as equally erroneous and as a violation of Rule 26 of the Federal Rules of Civil Procedure.


       Dated this 10th day of August, 2006.

                              Attorneys for Innogenetics N.V.

               By:            */s/* John S. Skilton
                    John S. Skilton, SBN 1012794
                    Christopher G. Hanewicz, SBN 1034160
                    David L. Anstaett, SBN 1037884
                    Melody K. Glazer, SBN 1054204
                    Heller Ehrman LLP
                    One East Main Street, Suite 201
                    Madison, WI  53703-5118
                    Telephone: (608) 663-7460
                    Facsimile: (608) 663-7499

                    Shannon M. Bloodworth
                    Heller Ehrman LLP
                    1717 Rhode Island Ave. NW
                    Washington, D.C.  20036
                    Telephone: (202) 912-2000
                    Facsimile: (202) 912-2020

                    Colin G. Sandercock
                    Proskauer Rose LLP
                    1001 Pennsylvania Avenue NW
                    Washington D.C.  20004
                    Telephone: (202) 416-6800
                    Facsimile: (202) 416-6899