Document Number 256
Case Number 05-C-0575-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
08/18/2006 09:59:33 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

INNOGENETICS, N.V.,

                                                                                                                        ORDER

                Plaintiff,

                                                                                                05-C-0575-C

     v.

ABBOTT LABORATORIES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        A final pretrial conference was held in this case on August 17, 2006, before United States District Judge Barbara B. Crabb. Plaintiff Innogenetics, N.V. appeared by John Skilton, David Anstaett, Shannon Bloodworth, Colin Sandercock and Christopher Hanewicz. Defendant Abbott Laboratories appeared by Eugenia Carter, Jeffrey McIntyre and Gabriel Gross. Also present was defendant's corporate representative, Jeff Risher.

        Counsel predicted that the case would take 7-8 days to try. They agreed to a jury of 8 and to a trial schedule in which trial would run from 8 a.m. to 2 p.m., with two short breaks.

        Counsel agreed that the witnesses would not be sequestered. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk

1

for instruction on the system.

No later than noon on the Friday before trial, plaintiff's counsel is to advise defendant's counsel of the witnesses plaintiff will be calling on Monday and the order in which they will be called. Counsel should give similar advice at the end of each trial day; defendant's counsel shall have the same responsibility during defendant's case.

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

Counsel are to provide the court with copies of documentary evidence before the start of the first day of trial.

Counsel agreed to the voir dire questions in the form distributed to them at the conference. The jury will consist of eight jurors to be selected from a qualified panel of fourteen. Each side will exercise three peremptory challenges against the panel.

Following the selection of the jury, the jurors will watch the Federal Judicial Center's video on patent cases, after which I will give the jury their introductory instructions on the way in which the trial will proceed and their responsibilities during the trial. Then counsel will give their opening statements.

Counsel are to work together to prepare jury notebooks containing the '704 patent

and other agreed-upon materials.

Counsel discussed the form of the verdict and the instructions on liability. Final decisions on the instructions and form of verdict will be made at the instruction conference.

The following rulings were made on the parties' motions in limine.

Plaintiff's Motions in Limine

1. Motion to exclude testimony of Dr. Patterson or any other witness on issue of obviousness. GRANTED.

2. Motion to exclude evidence relating to European counterpart to '704 patent and procedural irregularities in USPTO. GRANTED.

3. Motion to exclude Patterson testimony on issue of anticipation as it relates to enablement. GRANTED as to anything Patterson did not disclose in his expert report.

4. Motion to exclude testimony of Dr. Cha and Dr. White. DENIED. However, both witnesses are restricted to descriptions of the work they did and their observations; they may not elaborate on their observations, explain anomalous results or testify as experts.

5. Motion to exclude defendant's § 112 defenses as to claim 1. Taken under advisement.

Defendant's Motions in Limine

1. Motion to preclude reference to summary judgment decision of inequitable conduct - GRANTED as unopposed.

3

2. Motion to exclude evidence that plaintiff's invention is "pioneering." DENIED. Defendant may cross-examine Dr. Worman on his opinion and may present opinions of its own experts on this issue.

3. Motion to exclude evidence of settlement and licensing agreements with non-party Third Wave during damages phase of trial- DENIED. Defendant's arguments go to weight of this evidence and may be explored in cross-examination.

4. Motion to exclude evidence relating to '944 patent. DENIED. Plaintiff may use the patent for impeachment purposes only.

5. Motion to exclude evidence that claimed "method of genotyping" requires use of multiple probes. Taken under advisement.

6. Motion to exclude evidence of patent law, practice or procedure. GRANTED for liability phase.

7. Motion to exclude reference to license agreements with third parties involving the '704 patent. GRANTED, unless Dr. White testifies about Roche's work in time period preceding filing of application for '704 patent.

8. Motion to exclude testimony of William S. Reznikoff. DENIED as non-cumulative because Reznikoff's testimony focuses on issue of anticipation only.

9. Motion to exclude evidence related to RealTime HCV Genotype Assay. DENIED. Whether this product falls under the research exemption so as not to infringe is a question

4

for the jury.

10. Motion to exclude Maertens's testimony is DENIED insofar as it relates to facts he observed, such as orders for invention.

11. Motion to exclude evidence of HCV quantitative assay. Plaintiff is to advise the court whether it opposes the motion no later than August 23, 2006.

    Entered this 18th day of August, 2006.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge